# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **DANIEL J. CAREY II, D.C.** *et. al.* <br><br> **Plaintiffs,** <br><br> v. <br><br> **CSX TRANSPORTATION, INC.** *et al*. <br><br> **Defendants.** | Case No.: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 *et seq*., Defendants CSX Transportation, Inc. ("CSXT"), CSX Corporation ("CSX Corp."), Craig Heligman, M.D. ("Defendant Heligman"), Gus Thoele, Curt Shogren, Milton Storm, Dillon Doug Jones, Tom DeAngelo, Shawn Lusk, Elizabeth Creedon, and Kenneth Ray Emerson (collectively, "Defendants") hereby remove this civil action from the Greenup Circuit Court, Commonwealth of Kentucky to the District Court for the Eastern District of Kentucky. In support of this Notice, Defendants state as follows:

## BACKGROUND

1. On July 12, 2018, Plaintiffs Daniel J. Carey II, D.C.; Carey Chiropractic and Rehabilitation, Inc.; and Shannon M. Johnson, D.C., d/b/a Johnson Chiropractic (collectively, "Plaintiffs") filed a civil action against Defendants that is pending before the Greenup Circuit Court in Kentucky in the case styled *Daniel J. Carey II, D.C.; Carey Chiropractic and Rehabilitation, Inc.; and Shannon M. Johnson, D.C., d/b/a Johnson Chiropractic Case v. CSX Transportation, Inc.; CSX Corporation; Craig Heligman, M.D.; Gus Thoele; Curt Shogren;, Milton Storm; Dillon Doug Jones; Tom DeAngelo; Shawn Lusk; Elizabeth Creedon; and Kenneth Ray Emerson* No. 18-CI-00348 (the "State Court Action"). In accordance with 28

U.S.C. § 1446(a), a true and correct copy of the docket and all process, pleadings, and orders in the State Court Action is attached hereto as Exhibit A.[1]

2. Plaintiffs served Defendants, CSXT and CSX Corp. with the Complaint on July 18, 2018.[2] (*See* Ex. A.)[3]

3. Plaintiffs, doctors who operate chiropractic clinics in the Commonwealth of Kentucky and the State of Ohio, allege that all Defendants conspired to publish known false and defamatory information about Plaintiffs, and that certain Defendants (CSXT, CSX Corp and Heligman) tortiously conspired to interfere with Plaintiffs' business activities. (Compl. ¶¶ 42-62; See Complaint attached hereto as Exhibit B.) [4]

4. Specifically, Plaintiffs allege that Defendant Heligman wrote a defamatory letter indicating that Plaintiffs wrote fraudulent work excuses for some 52 CSXT employees. (Compl. ¶ 26; Compl. Ex. B.)

5. Plaintiffs allege that Defendant Heligman sent this allegedly defamatory letter to the U.S. Railroad Retirement Board ("RRB"), to the Ohio State Chiropractor Board, to the Kentucky Board of Chiropractic examiners, as well as to employee benefit providers Aetna, Inc., Highmark Blue Cross Blue Shield, and United Health Care. (Compl. ¶¶ 21-25; Compl. Ex. B.)

---

[1] This instant case arises out of the same factual scenario as a case filed by numerous former CSXT employees against the same Defendants in the United States District Court for the Southern District of West Virginia. *See*, Adkins, et al. v. CSX Transportation, et al., Civil Action no. 3:18-cv-000321, filed on February 15, 2018, but never served.

[2] Upon information and belief, as of August 7, 2018, none of the individual Defendants have been properly served in this matter.

[3]

[4] CSX Corporation is a holding company that does not conduct any business in the Commonwealth of Kentucky. CSX Corporation is not a proper party to this suit because it lacks the required minimum contacts with the state necessary to confer personal jurisdiction upon this Court. However, because CSX Corporation is a diverse party, its status in this lawsuit is immaterial for purposes of this Notice.

6. Plaintiffs further allege that the allegedly defamatory Heligman letter was offered in evidence by Defendants Shogren, Emerson, Jones and Lusk who were acting as "charging officers" in various CSXT employee disciplinary hearings arising out of the work excuses tendered by Plaintiffs to the 52 CSXT employees. (Compl. ¶ 31; Compl. Ex. B.)

7. Plaintiffs also claim that the allegedly defamatory Heligman letter was accepted in evidence by Defendants Storm, Thoele, DeAngelo and Creedon who were acting as "hearing officers" in various CSXT employee disciplinary hearings arising out of the work excuses tendered by Plaintiffs to the 52 CSXT employees. (Compl. ¶ 32; Compl. Ex. B.)

## COMPLIANCE WITH REMOVAL STATUTE

8. This Notice of Removal is properly filed in the United States District Court for the Eastern District of Kentucky, pursuant to 28 U.S.C. § 1446(a), because the Greenup Circuit Court, Kentucky, is located in this federal judicial district and division. This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil procedure.

9. CSXT was the first defendant served on July 18, 2018. This Notice of Removal is, therefore, timely under 28 U.S.C. § 1446(b), as it is filed within thirty days after service of a copy of Plaintiffs' initial pleading setting forth the alleged claim for relief upon which the action is based.

10. Written notice of the filing of this Notice of Removal will be provided to Plaintiffs, and a copy of this Notice of Removal will be filed in the Greenup Circuit Court, as required by 28 U.S.C. § 1446(d).

11. Only Defendants CSXT and CSX Corp. have been served in this matter and each join in this Notice of Removal and consent to removal. CSXT and CSX Corp. will file the Rule 7.1 Disclosure Statements, attached hereto as Exhibit C.

## GROUNDS FOR REMOVAL

12. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441 based on diversity of citizenship and the requisite amount in controversy.

13. The true parties of this action are citizens of different states. Plaintiffs admit that they are citizens of Kentucky and/or Ohio. (Compl. ¶¶ 1-3; Compl. Ex. B.)

14. Defendant CSXT, a corporation, is incorporated in Virginia and has its principal place of business in Florida. (Compl. ¶ 4; Compl. Ex. B.) Pursuant to 28 U.S.C. § 1332(c)(1), CSXT is a citizen of Virginia and Florida. *Hertz Corp v. Friend*, 559 U.S. 77, 92-93 (2010) (concluding that a corporation's principal place of business is its "nerve center" or "the place where a corporation's officers direct, control, and coordinate the corporation's activities …. And in practice it should normally be the place where the corporation maintains its headquarters …."). Thus, complete diversity exists between Defendant CSXT and all Plaintiffs.

15. Defendant CSX Corp., a corporation, is incorporated in Virginia and has its principal place of business in Florida. (Compl. ¶ 5; Compl. Ex. B.) Pursuant to 28 U.S.C. § 1332(c)(1), CSX Corp. is a citizen of Virginia and Florida. *Hertz Corp v. Friend*, 559 U.S. 77, 92-93 (2010) (concluding that a corporation's principal place of business is its "nerve center" or "the place where a corporation's officers direct, control, and coordinate the corporation's activities …. And in practice it should normally be the place where the corporation maintains its headquarters …."). Thus, complete diversity exists between Defendant CSX Corp. and all Plaintiffs.

16. Defendant Heligman, the Chief Medical Officer for CSXT, is a citizen and resident of Florida. (Compl. ¶ 6; Compl. Ex. B.) Thus, complete diversity exists between Defendant Heligman and all Plaintiffs.

17. Defendant Thoele is a citizen and resident of Georgia. (Compl. ¶ 7; Compl. Ex. B.) Thus, complete diversity exists between Defendant Thoele and all Plaintiffs.

18. Defendant Shogren is a citizen and resident of West Virginia. (Compl. ¶ 8; Compl. Ex. B.) Thus, complete diversity exists between Defendant Shrogen and all Plaintiffs.

19. Defendant Storm is a citizen and resident of Kentucky. (Compl. ¶ 9; Compl. Ex. B.)

20. Defendant Jones is a citizen and resident of Kentucky. (Compl. ¶ 10; Compl. Ex. B.) . Defendants CSXT and CSX Corp. deny that they employed anyone by the name Dillon Doug Jones, however, are for purposes of this Notice of Removal only the name and state of residence are accepted as true.

21. Defendant DeAngelo is a citizen and resident of West Virginia. (Compl. ¶ 11; Compl. Ex. B.) Thus, complete diversity exists between Defendant DeAngelo and all Plaintiffs.

22. Defendant Lusk is a citizen and resident of Kentucky. (Compl. ¶ 12; Compl. Ex. B.)

23. Defendant Creedon is a citizen and resident of Ohio. (Compl. ¶ 13; Compl. Ex. B.)

24. Defendant Emerson is a citizen and resident of Kentucky. (Compl. ¶ 14; Compl. Ex. B.)

25. It is undisputed that complete diversity exists between Plaintiffs and all Defendants other than Defendant Storm, Defendant Lusk, Defendant Jones, Defendant Creedon, and Defendant Emerson.

26. It is undisputed that complete diversity exists between Plaintiffs, CSXT, CSX Corp., and Defendant Heligman.

5

### I. Defendants Storm, Thoele, DeAngelo, Creedon, Shogren, Emerson, Jones and Lusk are Fraudulently Joined.

27. The citizenship of Defendants Storm, Thoele, DeAngelo, Creedon, Shogren, Emerson, Jones and Lusk ("Officer Defendants")[5] should be disregarded. The citizenship of fraudulently joined parties is not considered for purposes of determining diversity. Coyne v. Am. Tobacco, 183 F.3d 488, 492 (6th Cir. 1999). Indeed, "[a] lack of diversity will not bar removal … if a defendant can demonstrate that the plaintiff fraudulently joined the nondiverse party." Eberspaecher North America, Inc. v. Van-Rob, Inc., Case No. 06-15752, 2007 WL 2332470, at *3 (E.D. Mich. Aug. 15, 2007) (finding fraudulent joinder of a non-diverse plaintiff) (*citing* Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904 (6th Cir. 1999)). When analyzing fraudulent joinder, the "removing party must present sufficient evidence that a plaintiff could not have established a cause of action … under state law." Coyne, 183 F.3d at 492 (upholding denial of remand due to a fraudulently joined defendant). "Stated otherwise, the question is whether there is any 'reasonable basis for predicting that the plaintiff could prevail,' or whether the plaintiff has at least a colorable cause of action…." Eberspaecher, 2007 WL 2332470, at *4 (*quoting* Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994) (internal citations and quotations omitted).

---

[5] It should be noted that many of the Officer Defendants lack the required minimum contacts with the Commonwealth necessary to confer personal jurisdiction upon this Court. However, for purposes of the instant Notice it is only material that these Defendants were fraudulently joined, and not subject to any cognizable claim asserted by Plaintiffs.

The Officer Defendants, as well as CSX Corp., expressly reserve the right to assert any defenses in the future related to improper jurisdiction or improper service of process.

28. Plaintiffs allege that the Officer Defendants served as either charging officers or disciplinary hearing officers for the CSXT employees accused of receiving fraudulent work excuses from Plaintiffs. (Compl. ¶¶ 31-32; Compl. Ex. B.)

29. Plaintiffs allege that Defendants Shogren, Emerson, Jones and Lusk acted as "Charging Officers" for a number of disciplinary hearings regarding CSXT employees. (Compl. ¶ 31; Compl. Ex. B.)

30. Plaintiffs allege that the Charging Officer Defendants "re-published the aforementioned letters" by admitting the Heligman letter into evidence. (Compl. ¶ 31; Compl. Ex. B.)

31. Plaintiffs allege that Defendants Storm, Thoele, DeAngelo and Creedon served as disciplinary hearing officers ("Hearing Officers") for the CSXT employees accused of receiving fraudulent work excuses from Plaintiffs. (Compl. ¶ 32; Compl. Ex. B.)

32. Plaintiffs allege that the Hearing Officer Defendants, in their role as hearing officers, "received the defamatory letters into evidence" and "questioned and elicited testimony of Dr. Heligman about the purported fraudulent acts of Plaintiffs and the employee." (Compl. ¶ 32; Compl. Ex. B.)

33. Plaintiffs allege that by receiving the Heligman letter, and considering the letter as evidence, the Charging Officers and Hearing Officers Defendants are liable to Plaintiffs for defamation *per se*. (Compl. *generally*; Compl. Ex. B.)

34. However, Plaintiffs are unable to support their claim.[6]

---

[6] To be sure, many of the Plaintiffs' other claims are also baseless; Defendants focus for the moment on the fraudulently joined parties, as these parties are the only ones defeating complete diversity.

### A. **Plaintiffs cannot prove defamation against any of the Officer Defendants.**

35. While Defendants dispute that Plaintiffs suffered from any defamation, Plaintiffs certainly did not suffer any defamation at the hands of the Officer Defendants. "The requisite elements for a defamation claim are: "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." Toler v. Sud-Chemie, Inc., 458 S.W.3d 276, 281–82 (Ky. 2014), as corrected (Apr. 7, 2015). Additionally, "words are said to be actionable per se when there is a conclusive presumption of both malice and damage." Id.

36. To the extent Plaintiffs suffered any actionable defamation, it was not at the hands of Officer Defendants. In Count I, Plaintiffs allege that "Defendants published these defamatory statements, of and concerning Plaintiffs, in written correspondence to, among others, the Railroad Retirement Board, Aetna Inc., Highmark Blue Cross Blue Shield, United Health Care, and the Ohio State Chiropractic Board, and the Kentucky Board of Chiropractic Examiners." (Compl. ¶ 56; Compl. Ex. B.)

37. However, Plaintiffs allege that is was Defendant Heligman who made all of these alleged publications. (Compl. ¶¶ 21-26; Compl. Ex. B.)

38. None of the Officer Defendants are alleged to have made defamatory statements about Plaintiffs. Instead, it is only alleged that the Officer Defendants received an allegedly defamatory letter from Defendant Heligman, and then considered the letter as evidence when acting within the scope of their employment. Additionally, it is not alleged that any of the Officer Defendants published a defamatory statement to a third-party. Instead, the Officers Defendants simply received and reviewed the Heligman within the scope of their employment.

8

39. Because Plaintiffs cannot establish a defamation claim against the Officer Defendants under Kentucky law, their citizenship is irrelevant and removal is proper. *See* Eberspaecher, 2007 WL 2332470, at *5 ("In short, Plaintiffs failed to establish that EESC has a viable cause of action against Defendant …. Therefore, the Court disregards EESC's residency for purposes of removal and jurisdiction."); *see also* Iowa Pub. Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 404 (8th Cir. 1977) ("[I]f the non-diverse plaintiff is not a real party in interest … his or its presence in the case may be ignored in determining jurisdiction."); Segal v. Firtash, Case No. 13-cv-7818, 2014 WL 4470426, at *7 (S.D.N.Y. Sept. 9, 2014) ("the Court finds that there is no possibility that [Plaintiff] Dancroft can assert any of the claims in the Complaint against either of the Defendants. The Court thus disregards Dancroft's presence for purposes of determining removability and finds that the Complaint was properly removed.").

**B. Plaintiffs do not allege tortious interference with a prospective business advantage against any of the non-diverse parties.**

40. While Defendants dispute that Plaintiffs suffered from any tortious interference with a prospective business advantage, this claim is only brought against CSXT, CSX Corp. and Defendant Heligman. As noted, *supra*, Plaintiffs and these Defendants are completely diverse. Accordingly, Defendants do not need to address this claim in the instant Notice of Removal.

**II. Any Alleged Publication made by any of the Officer Defendants was made within the Context of the Employment Relationship and thus Privileged.**

41. Plaintiffs cannot establish a defamation claim against any of the Officer Defendants because any publication, or statement made during the disciplinary hearings, would be privileged because it was made in the context of the employment relationship. Smith v. Martin, 331 S.W.3d 637, 640 (Ky. Ct. App. 2011) ("A privilege is recognized as a defense to a defamation claim."); *See* Wyant v. SCM Corp., 692 S.W.2d 814, 816 (Ky. Ct. App. 1985) ("the statement was part of an internal memoranda detailing an audit of appellant's branch. Reports of

this nature are protected by a qualified privilege because they are necessary communications within the employing company."); *see also* Landrum v. Braun, 978 S.W.2d 756, 757 (Ky. Ct. App. 1998) ("[i]n matters involving communications between employees in the chain of command. It is necessary to have this privilege so that every day business can be carried out without the threat of suit.").

42. "The determination of the existence of privilege is a matter of law. Once a privilege has been placed in issue, it thereupon falls upon plaintiff to defeat this defense by a showing that either there was no privilege under the circumstances or that it had been abused. If the plaintiff fails to adduce such evidence sufficient to create a genuine issue of fact, qualified privilege remains purely a question of law under the summary judgment standard." Harstad v. Whiteman, 338 S.W.3d 804, 810–11 (Ky. Ct. App. 2011) (internal citations omitted).

43. In the instant matter, the disciplinary hearings were clearly "communications within the employing company." Wyant v. SCM Corp. Accordingly, Plaintiffs must come forth with "evidence sufficient to create a genuine issue that the privilege had been abused or waived by actual malice." Harstad v. Whiteman, 338 S.W.3d 804, 811.

44. Plaintiffs cannot prove malice, and it has not been specifically alleged that the Officer Defendants acted with actual malice by reviewing the Heligman letters for purposes of their employment. Because reviewing the Heligman letter was within the Officer Defendants' scope of employment, privilege attaches.

45. Because any alleged defamatory statement made by the non-diverse parties is subject to the qualified privilege defense to defamation, Plaintiffs have no viable cause of action against any of the non-diverse parties. *See* Eberspaecher, 2007 WL 2332470, at *5 ("In short, Plaintiffs failed to establish that EESC has a viable cause of action against Defendant ….

10

Therefore, the Court disregards EESC's residency for purposes of removal and jurisdiction."); *see also* Iowa Pub. Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 404 (8th Cir. 1977) ("[I]f the non-diverse plaintiff is not a real party in interest … his or its presence in the case may be ignored in determining jurisdiction."); Segal v. Firtash, Case No. 13-cv-7818, 2014 WL 4470426, at *7 (S.D.N.Y. Sept. 9, 2014) ("the Court finds that there is no possibility that [Plaintiff] Dancroft can assert any of the claims in the Complaint against either of the Defendants. The Court thus disregards Dancroft's presence for purposes of determining removability and finds that the Complaint was properly removed.").

### III. Any Defamation Claim Against any of the Officer Defendants is Precluded by the Single Publication Rule.

46. "Under the single publication rule, any one edition of a book or newspaper, or any one radio or television broadcast, exhibition or a motion picture or similar aggregate communication is a single publication. As a result, the aggregate communication can give rise to only one action in any one jurisdiction where the dissemination occurred, and only one statute of limitations, which begins to run when the finished product was released by the publisher for sale in accord with trade practice." Mitan v. Davis, 243 F. Supp. 2d 719, 722 (W.D. Ky. 2003).

47. Defendants are not aware of any Kentucky court that has had occasion to consider the single publication rule since its development and adoption by other jurisdictions. However, Mitan predicted that Kentucky courts follow the rule. The Mitan decision is persuasive and should be followed here. Mitan predicted that Kentucky courts follow the rule based on four reasons. First, the rule is consistent with the Restatement, which Kentucky courts often look to and rely upon. *See* Id. Second, the rule has been "widely accepted in other jurisdictions" and "Kentucky has a substantial interest in cooperating with other states" on that issue. Id. Third, "several well-respected commentators on Kentucky law have treated the single publication rules

11

as prevailing." Id. Fourth, the rule is "better equipped" to address modern communications. *See* id.

48. Pursuant to the single publication rule, Plaintiffs would have a cause of action, if one at all, arising out of the alleged initial publication of the Heligman letter to the RRB on July 14, 2017.[7]

49. Because any alleged publication of the defamatory statement was made by Defendant Heligman, Plaintiffs have no viable cause of action against any of the Officer Defendants. *See* Eberspaecher, 2007 WL 2332470, at *5 ("In short, Plaintiffs failed to establish that EESC has a viable cause of action against Defendant …. Therefore, the Court disregards EESC's residency for purposes of removal and jurisdiction."); *see also* Iowa Pub. Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 404 (8th Cir. 1977) ("[I]f the non-diverse plaintiff is not a real party in interest … his or its presence in the case may be ignored in determining jurisdiction."); Segal v. Firtash, Case No. 13-cv-7818, 2014 WL 4470426, at *7 (S.D.N.Y. Sept. 9, 2014) ("the Court finds that there is no possibility that [Plaintiff] Dancroft can assert any of the claims in the Complaint against either of the Defendants. The Court thus disregards Dancroft's presence for purposes of determining removability and finds that the Complaint was properly removed.").

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

50. The amount in controversy well exceeds the sum of $75,000, exclusive of interest and costs, that 28 U.S.C. § 1332(a) requires. In their Complaint, Plaintiffs seek compensatory damages, punitive damages, and attorney fees. (Compl. p 12; Compl. Ex. A.) Based on these assertions, it is facially apparent that Plaintiffs claim damages in excess of $75,000. At the very

---

[7] If it is discovered that another publication was actually the first publication, Defendants reserve the right to raise defenses related to the applicable statute of limitations.

least, it does not appear to be a legal certainty that Plaintiffs' damages claims are $75,000 or less; thus, the amount in controversy between the parties exceeds this jurisdictional threshold amount. Basicomputer Corp. v. Scott, 973 F.2d 507, 510 (6th Cir. 1992) (*quoting* St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)) ("A court must not dismiss an action for failure to meet the amount in controversy requirement unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'").

51. Because there is complete diversity between the properly-joined Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, this action is properly removed under 28 U.S.C. §§1332 & 1441. To the extent any question arises as to the proprietary of the removal of this action, Defendants request an evidentiary hearing pursuant to 28 U.S.C. § 1446(c)(5).

## **CONCLUSION**

Defendants respectfully request that this Court exercise its jurisdiction over this action, and enter such further orders and grant such further relief as may be necessary to secure removal herein and to prevent further proceedings in the Greenup Circuit Court, Kentucky, and further seek all other relief to which they are justly entitled.

Dated: August 7, 2018	Respectfully submitted,

/s/ Melissa Foster Bird
Melissa Foster Bird
NELSON MULLINS
949 Third Street, Suite 200
Huntington, West Virginia 25701
Telephone:  (304) 526-3503
Facsimile:  (304) 526-3543
Melissa.fosterbird@nelsonmullins.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on this day I filed the foregoing with the Clerk of the Court, and served the following counsel of record via EM/CEF or by U.S. Mail for any unregistered counsel:

C. Kiel Garella
Garella Law, P.C.
409 East Blvd.
Charlotte, NC 28203

Gregory G. Paul
Morgan & Paul, PLLC
100 First Ave., Suite 1010
Pittsburgh, PA 15222

Jeff R. Dingwall
Eight & Sand
550 West B. Street, Fourth Floor
San Diego, CA 92101

Kenneth R. Reed
KENNETH R. REED, ATTORNEY, PSC
241 Elm Street
Ludlow, Kentucky  41016

Dated: August 7, 2018

/s/Melissa Foster Bird