IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY

**DANIEL J. CAREY II, D.C.** *et. al.*

        **Plaintiffs,**

   **v.**

**CSX TRANSPORTATION, INC.** *et al***.**

        **Defendants.**

Case No.: 0:18-cv-00079

### DEFENDANTS CRAIG S. HELIGMAN, GUS THOELE, CURT SHOGREN, MILTON STORM, DILLON DOUG JONES, TOM DEANGELO, SHAWN LUSK, ELIZABETH CREEDON, AND KENNETH RAY EMERSON'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT

      Plaintiffs request that this Court enter default against Defendants Craig Heligman, M.D., Gus Thoele, Curt Shogren, Milton Storm, Dillon Doug Jones, Tom DeAngelo, Shawn Lusk, Elizabeth Creedon, Kenneth Ray Emerson (collectively "the Individual Defendants") in this action for their failure to respond to the Complaint when Plaintiffs have failed to properly serve—or as far as Defendants are aware, even attempt to serve—those defendants with the summons and Complaint as required under Kentucky and federal law. Plaintiffs provide no legal or factual basis for their proposition that these defendants were obligated to respond to the Complaint before service was effected and that the failure to do so warrants entry of default. Rather, Plaintiffs choose to ignore the longstanding principle of federal procedure that a defendant is not subject to the jurisdiction of the court until proper service is accomplished. Because Plaintiffs' Motion is frivolous, the Individual Defendants respectfully request that this Court deny it in its entirety.

## BRIEF BACKGROUND

On July 12, 2018, Plaintiffs Daniel J. Carey II, D.C., Carey Chiropractic Rehabilitation, Inc., and Shannon M. Johnson, D.C. d/b/a John Chiropractic (collectively "Plaintiffs") filed a civil action against the Individual Defendants, CSX Transportation, Inc., and CSX Corporation (collectively "Defendants") in Greenup County Circuit Court. Plaintiffs, who operate chiropractic clinics in Kentucky and Ohio, asserted defamation and tortious interference claims against Defendants for their part in investigating, reporting, and disciplining CSX Transportation, Inc. employees for submitting fraudulent work excuses signed by Drs. Johnson and Carey. (*See generally*, Compl.)

On August 7, 2018, Defendants removed this action to the district court for the Eastern District of Kentucky on the basis of diversity jurisdiction, alleging that the non-diverse Individual Defendants were fraudulently joined. (ECF No. 1). The Individual Defendants were not served prior to removal, which was stated in the Notice of Removal. (*See* Notice of Removal, ¶ 2, n. 2). On August 9, 2018, this Court ordered additional briefing on the issue of the Court's jurisdiction over the case, which the parties have completed.

To date, the Individual Defendants have not been served.[1] As far as counsel is aware, Plaintiffs have not attempted to serve the Individual Defendants. Notwithstanding the assertions to the contrary in Plaintiffs' Motion, Plaintiffs' counsel has never contacted counsel for Defendants about this issue.

---

[1] Plaintiffs did serve Defendants CSX Transportation, Inc. and CSX Corporation on July 18, 2018 by delivering copies of the Summons and Complaint to the agents for each Defendant.

2

## ARGUMENT

Plaintiffs' Motion is frivolous in that it seeks the entry of default against defendants that Plaintiffs have not served. To be sure, in their Motion, Plaintiffs do not state that they have served the Individual Defendants. Nor have Plaintiffs filed any proof of service for the Individual Defendants. This is because the Individual Defendants were not served prior to the removal of this matter and have not been served since removal. Notwithstanding this critical fact, Plaintiffs make the conclusory allegation that "the time to file an Answer or other responsive pleading under Rule 81(c)(2) Fed. R. Civ. P. has elapsed." This notion is contrary to well-established law that Plaintiffs wholly ignore.

Indeed, Federal Rule of Civil Procedure 81(c)(2) governs the time within which a defendant must answer or otherwise respond to a Complaint after removal. Fed. R. Civ. P. 81(c)(2). The rule provides,

> (2) Further Pleading. After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
> (A) 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief;
> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
> (C) 7 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c)(2).

While Plaintiffs cite to the applicable rule, Plaintiffs fail to apprise the Court that until the Individual Defendants are properly served, the time to respond to the Complaint under Rule 81(c)(2) does not begin to run. This is because, "Rule 81(c) reflects the 'longstanding tradition in our system of justice' that a defendant is under no duty to respond to the rules of our court unless he is brought under its jurisdiction through the proper service of process.'" *Norsyn, Inc.*

*v. Desai*, 351 F.3d 825, 829 (8th Cir. 2003) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355 (1999)). As the Seventh Circuit has explained,

> Requiring a responsive pleading before service is effected is at odds with a fundamental principle of federal procedure—that a responsive pleading is required only after service has been effected and the party has been made subject to the jurisdiction of the federal courts.… Without service there is no personal jurisdiction over the defendant. **This right is not waived by filing a petition for removal to federal court.**

*Silva v. City of Madison*, 69 F.3d 1368, 1376 (7th Cir. 1995) (citations and quotations omitted) (emphasis added). Indeed the Supreme Court of the United States has affirmed this principle. *See Murphy Bros., Inc.*, 526 U.S. at 355 (stating that the Seventh Circuit in *Silva* "rightly determined" that the defendant's obligation to file an answer under Rule 81(c) did not arise until proper service of process); *Norsyn, Inc.*, 351 F.3d at 829 (holding that defendants who removed action to federal court "could not have been held in default for failure to answer until properly served by [the plaintiff]").

The Individual Defendants are under no obligation to respond to Complaint unless and until they are properly served. Inasmuch as Plaintiffs have failed serve the Individual Defendants and file the required proof of service, default cannot be entered against them. *See Silva*, 69 F.3d at 1376; *Norsyn, Inc.*, 351 F.3d at 829. Therefore, this Motion should be denied in its entirety.[2]

## CONCLUSION

Defendants Craig Heligman, Gus Thoele, Curt Shogren, Milton Storm, Dillon Doug Jones, Tom DeAngelo, Shawn Lusk Elizabeth Creedon, and Kenneth Ray Emerson respectfully request that the Court deny Plaintiffs' Motion for Entry of Default in its entirety because they

---

[2] Indeed, as more fully set forth in the Individual Defendants' Motion to Dismiss contemporaneously filed with this Motion, the time within which to serve the Individual Defendants has expired and Plaintiffs have not sought to extend the time. *See* Fed. R. Civ. P. 4(m). Therefore, the Complaint should be dismissed as to the Individual Defendants.

have not been served in this matter and are therefore were under no obligation to respond to the Complaint under Rule 81(c)(2).

This the 27th day of November, 2018.

By:   /s/Melissa Foster Bird

Melissa Foster Bird
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
949 Third Avenue, Suite 200
Huntington, WV  25701
Phone:   304.526.3501
Fax:     304.526.3541
Email: melissa.fosterbird@nelsonmullins.com
*Counsel for Defendants*

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on this day I filed the foregoing with the Clerk of the Court, and served the following counsel of record via EM/CEF or by U.S. Mail for any unregistered counsel:

C. Kiel Garella
Garella Law, P.C.
409 East Blvd.
Charlotte, NC 28203

Gregory G. Paul
Morgan & Paul, PLLC
100 First Ave., Suite 1010
Pittsburgh, PA 15222

Jeff R. Dingwall
Eight & Sand
550 West B. Street, Fourth Floor
San Diego, CA 92101

Kenneth R. Reed
KENNETH R. REED, ATTORNEY, PSC
241 Elm Street
 Ludlow, Kentucky  41016

 Dated: November 27, 2018

/s/Melissa Foster Bird