## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF KENTUCKY

**DANIEL J. CAREY II, D.C.** *et. al.*

       **Plaintiffs,**

  **v.**

**CSX TRANSPORTATION, INC.** *et al.*

       **Defendants.**

**Case No.: 0:18-cv-00079**

## DEFENDANTS CRAIG S. HELIGMAN, GUS THOELE, CURT SHOGREN, MILTON STORM, DILLON DOUG JONES, TOM DEANGELO, SHAWN LUSK, ELIZABETH CREEDON, AND KENNETH RAY EMERSON'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO TIMELY SERVE

Pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure, Defendants Craig S. Heligman, Gus Thoele, Curt Shogren, Milton Storm, Dillon Doug Jones, Tom DeAngelo, Shawn Lusk, Elizabeth Creedon, and Kenneth Ray Emerson (collectively the "Individual Defendants"), respectfully move this Court to dismiss Plaintiffs' Daniel J. Carey II, D.C., Carey Chiropractic and Rehabilitation, Inc., Shannon M. Johnson, D.C. d/b/a Johnson Chiropractic (collectively "Plaintiffs") Complaint because Plaintiffs have failed to perfect service of process upon them within 90 days of Defendants' removal of the case, and to date, still have not served the Individual Defendants.

### Background

Plaintiffs filed this lawsuit on July 12, 2018 in Greenup County Circuit Court. Defendants removed this action on August 7, 2018. To date, Plaintiffs have not served the Individual Defendants with the Complaint, nor have they filed a motion to extent the time for effecting service.

**<ins>Argument</ins>**

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a party to move for dismissal where the service of process is insufficient. "When the validity of the service of process is contested, the plaintiff bears the burden of proving that proper service was effected." *United States v. Real Prop. & Residence Located at 4816 Chaffey Lane*, No. CIV.A 5:08-CV-410JMH, 2010 WL 147211, at *2 (E.D. Ky. Jan. 8, 2010) (citation omitted); *see also Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001); *TKT-Nectir Glob. Staffing, LLC v. Managed Staffing, Inc.*, No. 3:18-CV-099-CHB, 2018 WL 5636163, at *1 (W.D. Ky. Oct. 31, 2018).

28 U.S.C. § 1448 provides in part:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. Federal Rule of Civil Procedure 81(c)(1) similarly provides that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Therefore, when a plaintiff fails to serve a defendant prior to removal, service of process after removal is governed by the Federal Rules of Civil Procedure. *See Medlen v. Estate of Meyers,* 273 F. App'x 464, 470 (6th Cir. 2008) ("However, where, as in this case, service of process has not been perfected prior to removal to federal court, such service is governed by the Federal Rules of Civil Procedure.") *(*citing 28 U.S.C. § 1448; Fed. R. Civ. P. 81(c))*; see also Smith v. Parks,* No. CIV.A. 5:14-260-KKC, 2015 WL 770337, at *1 (E.D. Ky. Feb. 23, 2015) ("[A]fter an action is removed, federal law controls, and defects in service must be cured in accordance with the Federal Rules of Civil Procedure.") (citing Fed. R. Civ. P. 81(c)(1) and 28 U.S.C. § 1448).

2

Rule 4(m) of the Federal Rules of Civil Procedure requires that service be effected within 90 days of filing the complaint. If service is not made within 90 days, the suit must be dismissed without prejudice. Fed. R. Civ. P. 4(m). When a case is removed from state court, the time for service begins to run on the date of removal. *Medlen*, 273 F. App'x at 470; *Smith*, 2015 WL 770337, at *2. If the plaintiff shows good cause for the failure to serve, the court must extend the time for service. *Id.*

Where service of process is not made in the time required by Rule 4(m), courts regularly dismiss the lawsuit. *See, e.g.*, *Stanley v. Insights Training Grp.*, LLC, No. CIV.A. 3:09CV-231-S, 2009 WL 3514590, at *1 (W.D. Ky. Oct. 29, 2009); *Rahman v. Kentucky Fin. Cabinet*, No. CIV.A. 3:10-33-DCR, 2010 WL 5391456, at *3 (E.D. Ky. Dec. 21, 2010); *Oyekunle v. Morgan & Pottinger, P.S.C.*, No. 3:14-CV-00401-TBR, 2014 WL 6977819, at *2 (W.D. Ky. Dec. 9, 2014). Here, because Plaintiffs have plainly failed to serve the Individual Defendants within 90 days of removal, as required by Rule 4(m), and to date, have not served them, Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(5).

## Conclusion

Wherefore, based on the foregoing reasons, the Individual Defendants respectfully request that the Court dismiss Plaintiffs' Complaint, and award such other relief as the Court deems appropriate and just.

This the 27th day of November, 2018.

By: ____/s/Melissa Foster Bird_____

Melissa Foster Bird
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
949 Third Avenue, Suite 200
Huntington, WV  25701
Phone:        304.526.3501
Fax:   304.526.3541
Email: melissa.fosterbird@nelsonmullins.com
***Counsel for Defendants***

4

CERTIFICATE OF SERVICE

This is to certify that on this day I filed the foregoing with the Clerk of the Court, and

served the following counsel of record via EM/CEF or by U.S. Mail for any unregistered counsel:

C. Kiel Garella
Garella Law, P.C.
409 East Blvd.
Charlotte, NC 28203

Gregory G. Paul
Morgan & Paul, PLLC
100 First Ave., Suite 1010
Pittsburgh, PA 15222

Jeff R. Dingwall
Eight & Sand
550 West B. Street, Fourth Floor
San Diego, CA 92101

Kenneth R. Reed
KENNETH R. REED, ATTORNEY, PSC
241 Elm Street
 Ludlow, Kentucky  41016

Dated: November 27, 2018

/s/Melissa Foster Bird

5