IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| DANIEL J. CAREY II, D.C.; CAREY CHIROPRACTIC AND REHABILITATION, INC.; SHANNON M. JOHNSON, D.C. d/b/a JOHNSON CHIROPRACTIC, § § § § § § | | |
| Plaintiffs, § § | | |
| v. § § | Case No. 0:18-CV-00079-HRW | |
| CSX TRANSPORTATION INC.; CSX CORPORATION; CRAIG S. HELIGMAN, M.D.; GUS THOELE; CURT SHOGREN; MILTON STORM; DILLON DOUG JONES; TOM DEANGELO; SHAWN LUSK; ELIZABETH CREEDON; and KENNETH RAY EMERSON. § § § § § § § § | | |
| Defendants. § § | | |

**PLAINTIFFS' RESPONSE IN OPPOTISON TO DEFENDANTS' MOTION TO DISMISS**

NOW COME, the Plaintiffs, by and through the undersigned counsel of record and hereby submit their Response in Opposition to Defendants Craig S. Heligman, Gus Thoele, Curt Shogren, Milton Storm, Dillon Doug Jones, Tom DeAngelo, Shawn Lusk, Elizabeth Creedon, and Kenneth Ray Emerson's Motion to Dismiss. In support of their position, Plaintiffs show unto the Court as follows:

## INTRODUCTION

Defendants generally argue that because the individual defendants were not formally served with a copy of the summons and complaint, this Court should dismiss the case. As an initial matter, the original complaint was filed in Greenup County until defendants removed the

1

complaint to federal court. Plaintiffs have opposed the removal and seek remand to tGreenup County. This motion is pending. Second, Plaintiffs assert that defendants have waived the formality of service by seeking removal. Third, if this Honorable Court retains jurisdiction and finds that defendants have not waived service, Plaintiffs seek leave for additional time to serve the individual defendants.

### I. The Individual Defendants Have Waived Service of Process.

By entering a general appearance through counsel and participating in this action, the individual defendnats have effectively waived any required service of process. *See Oliver v. Baratta*, No. 3:08 CV 1734, 2008 U.S. Dist. LEXIS 90472, at *4 (N.D. Ohio Aug. 8, 2008) (a party who enters a general appearance through counsel waives formal service requirements).

This is not, as Defendants would have the Court believe, a case involving a simple removal of an action from state to federal district court. As the Court may recall, this action was originally filed in Greenup County Circuit Court before being removed to this Court by the very same individual Defendants who are now the subject of this motion. *See* (Dkt. No. 1). In their 14-page Notice of Removal, these Defendants claimed jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332 by asserting that those non-diverse individuals were fraudulently joined to the action.[1] (Dkt. No. 1).

From the date of removal, both the individual Defendants at issue in this Motion, as well as the corporate Defendants, have been represented by the same counsel entering a general appearance on their behalf. These individual Defendants have submitted documents related to the employment of unnamed parties as well as other documents clearly in the possession,

---

[1] Notwithstanding this motion, this action should be remanded to the Greenup Circuit Court as this Court is without subject matter jurisdiction. *See* (Dkt. No. 10).

2

custody, and control of CSX Corporation ("CSX") and/or CSX Transportation, Inc. ("CSXT"). *See* (Dkt. Nos. 8-1 – 8-8).

In resolving the instant motion, both the Defendants' participation in the action and the provisions of Fed. R. Civ. P. 81(c) are dispositive. It is well settled that a defendant to a civil action can waive service of process through both the execution of a formal waiver or by participation in the action. *See* Fed. R. Civ. P. 4(d); *King v. Taylor*, 694 F.3d 650, 658 (6th Cir. 2012). Service of process is "simply the means by which a defendant receives notice of an action" and a waiver of formal service requirements is relatively easier to find than the defense of personal jurisdiction. *King*, 694 F. 3d at 659 (*citing Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2d Cir. 1999)).

While Plaintiffs agree that it would be unjust to subject any litigant to default without affording constitutional due process, there can be little such argument in the present case. Not only are all Defendants represented by the same counsel, but each are also similarly represented by the same counsel in a separate action pending in the Southern District of West Virginia. *See Adkins, et al. v. CSX Transp., et al.*, No. 3:18-cv-321 (S.D.W.V., Feb. 15, 2018). Still, they point to decisions from the Seventh and Eighth Circuits that seemingly require service despite the plain language of Fed. R. Civ. P. 81(c). Both decisions, however, are distinguishable from the case *sub judice*.

The fundamental difference between both the Seventh Circuit's *Silva* case and the Eighth Circuit's *Norsyn* case is the degree of participation by the relevant defendants. In both actions, the named defendants merely filed a notice of removal after learning of the action. *See Norsyn*, 351 F.3d at 827; *Silva*, 69 F.3d at 1370. It does not appear that the defendants in either action participated in any meaningful way prior to the Plaintiff's motion for entry of default. *Id.* By

3

contrast, in the present action, the individual Defendants not only removed the action, but presented substantial arguments and documentary evidence in support of removal.[2] *See* (Dkt. Nos. 1, 8, 14). This is not, as Defendants' would have the Court believe, a situation where their only involvement was filing a simple notice of removal. *Id.* Rather, hundreds of pages of documents were filed under seal which the individual Defendants would not, presumably, have been afforded personal access without their employer's consent.

In determining whether a party's participation in an action is sufficient to convey a waiver of service, the applicable inquiry is whether a defendant's conduct has provided a reasonable expectation that the defendant will defend the suit on the merits. *King*, 694 F.3d t 659. Not only have Defendants seemingly consented to the jurisdiction of this Court by removing the present action, but they have since taken substantial efforts to see that the case does not get properly remanded. Instead of raising questions of personal jurisdiction by special appearance, they have asserted claims of fraudulent joinder by general appearance. All Defendants are represented by the same counsel in both this action and the action pending in West Virginia Federal Court and have ignored requests from Plaintiffs to accept service. *See Id.* at 660 (Voluntary and active participation in litigation provided a reasonable expectation that defendants would defend the suit on the merits).

    **II.**    **Plaintiff's Motion for Default Judgment is Pending under Fed. R. Civ. P. 81(c) That Requires a Removing Defendant Answer or Respond to an Action in No Less than Twenty-One Days.**

---

[2] It should not be ignored that the documentary evidence submitted on behalf of the individual defendants consisted of corporate employment records from CSX and/or CSXT regarding several of their employees.

Rule 81(c) provides distinct deadlines for when a Defendant must respond to an action following removal from state to federal court. As provided by the Rule, any defendant who did not answer before removal must answer or present other defenses or objections within the longer of: a) 21 days after receiving – through service or otherwise – a copy of the initial pleading stating the claim for relief; b) 21 days after being served with the summons for an initial pleading on file at the time of service; or c) 7 days after the notice of removal is filed. Fed. R. Civ. P. 81(c).

The plain language of Rule 81(c) seems quite clear – a removing defendant is either entitled to twenty-one days after removal to respond, or seven. While it does not appear that the Sixth Circuit has squarely addressed this issue, there is nothing in the Rule predicating the requisite response on service of process. Indeed, it would seem self-evident that, in order to remove an action from state to federal court, the removing party must necessarily have actual knowledge of the action and the claims set forth therein. Furthermore, as provided in the text of the Rule, a party must still respond within twenty-one days after receiving a copy of the pleading – through service or otherwise. Defendants are unquestionably in receipt of the Complaint and have direct knowledge of the claims asserted therein. *See* (Dkt. Nos. 1, 8, 14). They removed, presented substantial arguments in support of removal, and cannot now reasonably claim to have been denied notice and an opportunity to respond.

The individual Defendants at issue in this motion have, unquestionably, received a copy of the Complaint in this action through some means – service or otherwise. *See* (Dkt. Nos. 1, 8, 14). Accordingly, as of the date of removal, they have been under and obligation to comply with the explicit terms of Rule 81(c) and should not be permitted to rely on gamesmanship to avoid such a duty.

### III. The Court has Discretion under F.R.C.P. 4(m) to Extend the Time for Service of Process without a Showing of Good Cause.

F.R.C.P. 4 (m) provides for the service of the complaint within 90 days or be subject to dismissal without prejudice or for the Court to order that service be made within a specified time. Additionally, if plaintiff shows good cause, then the Court must extend the time for service for an appropriate period.

Plaintiffs request that this Honorable Court to extend the period of time to serve the individual defendants. Plaintiffs request thirty (30) days from this Court's decision on the pending motions including removal and default judgment.

Factors considered to establish "good cause" include the following: (1) the possibility of prejudice to the defendant, (2) the length of the delay and its impact on the proceedings, (3) the reason(s) for the delay and whether the delay was within the plaintiff's control, (4) whether the plaintiff sought an extension before the deadline, (5) the plaintiff's good faith, (6) the plaintiff's *pro se* status, (7) any prejudice to the plaintiff, such as by operation of a statute of limitation that may bar refiling, and (8) whether time has previously been extended. Establishing "good cause" is the responsibility of the party opposing a motion to dismiss and requires demonstrating "why service was not made within the time constraints." *Habib v. Gen. Motor Corp.,* 15 F.3d 72, 73 (6th Cir. 1994). The Sixth Circuit has held that the determination of whether "good cause" exists is a discretionary one, left to the sound discretion of the district court and reviewed only for abuse of discretion. *See Nafziger v. McDermott Intern., Inc.,* 467 F.3d 514, 520-21 (6th Cir. 2006).

There are no facts to support any prejudice to Defendants. The length and reasons for the delay are as a result of defendants' motion for removal. Plaintiffs have not requested a prior extension for service. By permitting an extension for the individual defendants to be served, the litigation will not be unnecessarily delayed. Plaintiffs have acted in good faith and seek an adjudication on the merits. For these reasons, Plaintiffs submit that "good cause" exists for the extension of time to serve Defendants.

## CONCLUSION

For the aforementioned reasons and those set forth in Plaintiffs' Motion for Entry of Default, Plaintiffs respectfully request that this Court issue an Order denying defendants' motion to dismiss and awarding and further relief as the Court deems just and proper. Alternatively, Plaintiffs request leave for additional time to serve the individual defendants.

Respectfully submitted this 28th day of December, 2018

*s/ Kenneth R. Reed*
Kenneth R. Reed
Kenneth R. Reed, Attorney PSC
241 Elm Street
Ludlow, KY 41016
Tel: (859) 331-4443
Fax: (859) 291-2226
kenreedatty@gmail.com

C. Kiel Garella
Garella Law, P.C.
409 East Boulevard
Charlotte, North Carolina 28203
Tel: (980) 321-7934
Fax: (704) 990-6734
Kiel@GLjustice.com
*Pro Hac Vice Pending*

Jeff R. Dingwall

7

Eight & Sand
550 West B Street Fourth Floor
San Diego, CA 92101
Tel: (619) 796-3464
Fax: (619) 717-8762
jeff@eightandsandlaw.com
*Pro Hac Vice Pending*

Gregory G. Paul
WV Bar #8129
Morgan & Paul, PLLC
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
Tel: (844) 374-7200
Fax: (888) 822-9421
gregpaul@morganpaul.com

*Attorneys for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that sent notification of such filing to all parties entitled to service.

This the 28th day of December, 2018.

>*/s/ Kenneth R. Reed*
>Kenneth R. Reed
>Kenneth R. Reed, Attorney PSC
>241 Elm Street
>Ludlow, KY 41016
>Tel: (859) 331-4443
>Fax: (859) 291-2226
>kenreedatty@gmail.com
>
>*Attorney for the Plaintiffs*